**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andres SANCHEZ, also known as El**
**Diablo, also known as Archibalado**
**Rodriguez, Jr., also known as Archie**
**Rodriguez, Jr., also known as Archi**
**Rodriguez, also known as Archibald**
**Rodriguez, also known as Archiebaldo**
**Rodriguez, also known as Andres Javi-**
**er Sanchez, also known as Andy San-**
**chez, Defendant–Appellant.**

No. 13–51176
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 2014.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, San Anto-
nio, TX, for Plaintiff–Appellee.

Shane John Stolarczyk, Esq., Keller Sto-
larczyk P.L.L.C., Boerne, TX, for Defen-
dant–Appellant.

Before DeMOSS, DENNIS, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Andres Sanchez appeals from his condi-
tional guilty plea conviction for possession
of a firearm by a convicted felon; the plea
was conditioned upon Sanchez's reserva-
tion of his right to appeal the district
court's denial of his motion to suppress.

Voluntary consent is an exception to the
Fourth Amendment's warrant require-
ment. *United States v. Tompkins,* 130
F.3d 117, 121 (5th Cir.1997). "In order to
satisfy the consent exception, the govern-
ment must demonstrate that there was (1)
effective consent, (2) given voluntarily, (3)
by a party with actual or apparent authori-
ty." *United States v. Scroggins,* 599 F.3d
433, 440 (5th Cir.2010).

We review for clear error both the dis-
trict court's finding that Sanchez gave ef-
fective consent to the search, *see id.,* and
its finding that his consent was given vol-
untarily. *See United States v. Solis,* 299
F.3d 420, 436 (5th Cir.2002). "A finding is
clearly erroneous only if the court is left
with a definite and firm conviction that a
mistake has been committed." *Scroggins,*
599 F.3d at 440. "The clearly erroneous
standard is particularly deferential where
denial of the suppression motion is based
on live oral testimony ... because the
judge had the opportunity to observe the
demeanor of the witnesses." *Id.* (internal
quotation marks and citation omitted).

We have recognized six factors relevant
to determining voluntariness, none of
which is controlling or dispositive:

(1) the voluntariness of the defendant's
custodial status; (2) the presence of co-
ercive police procedures; (3) the extent
and level of the defendant's cooperation
with the police; (4) the defendant's
awareness of his right to refuse to con-
sent; (5) the defendant's education and
intelligence; and (6) the defendant's be-
lief that no incriminating evidence will
be found.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*United States v. Olivier–Becerril,* 861 F.2d 424, 426 (5th Cir.1988) (internal quotation marks and citations omitted).

At the suppression hearing the district court heard the live testimony of four officers. As Sanchez states in his brief, Sanchez "did not call witnesses or present any evidence at the hearing." After the hearing, the district court issued a written order in which it found that even though Sanchez was in custody at the time of his consent, his consent was nevertheless voluntary given the absence of coercion and his ready cooperation with law enforcement. Although Sanchez was not advised of his right to refuse consent, the district court suggested that Sanchez's lengthy criminal history made it likely that he was aware of this right.

Ultimately, we are not "left with a definite and firm conviction that a mistake has been committed." *Scroggins,* 599 F.3d at 440; *see Olivier–Becerril,* 861 F.2d at 426. Because the district court did not clearly err by holding that Sanchez voluntarily consented to the search, we need not consider his remaining arguments regarding the lack of probable cause and the inapplicability of the automobile and inventory exceptions.

AFFIRMED.